UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JONATHAN WAYNE DAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 20-190-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ANDREW SAUL, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff Jonathan Wayne Dailey's motion for attorneys' fees under the Equal Access to Justice Act ("EAJA").  [Record No. 24] The motion will be granted because Dailey is a prevailing party in this action and has satisfied all other requirements for obtaining payment of fees and expenses under the EAJA.

Dailey filed the Complaint on May 7, 2020, alleging that the ALJ's decision denying his application for social security benefits was not supported by substantial evidence.  The Commissioner filed a motion to remand on December 9, 2020, conceding that further administrative proceedings were warranted.  The Court granted the Commissioner's motion and entered Judgment on December 10, 2020, reversing the Commissioner's administrative decision and remanding the action for further consideration.

Dailey filed this motion for attorneys' fees under the EAJA on February 23, 2021.  His attorney of record, Melissa Palmer, seeks fees in the amount of $3,805.00.  This request is based on 25 hours of attorney work at a rate of $125.00 per hour and 6.8 hours of paralegal

work at a rate of $100.00 per hour.  The Commissioner does not object to the request.  [Record No. 26]

The EAJA requires payment of fees and expenses to the prevailing party in an action against the United States unless the government's position was substantially justified.  28 U.S.C. § 2412(d)(1)(A).  The EAJA specifies that the amount of fees awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished . . . [but] shall not [exceed] $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."  § 2412(d)(2)(A).  A party seeking an award of fees and expenses must submit an application within 30 days after final judgment, which includes "(1) a showing that the applicant is a prevailing party; (2) a showing that the applicant is eligible to receive an award . . . and (3) a statement of the amount sought together with an itemized account of time expended and rates charged."  *Scarborough v. Principi*, 541 U.S. 401, 408 (2004) (citing § 2412(d)(1)(B)).  The party also must allege that the United States' position was not substantially justified.  *Id.*

Dailey's application complies with these requirements.  [*See* Record Nos. 24, 25.]  "A sentence four remand makes the plaintiff a 'prevailing party' under the EAJA."  *Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012) (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)).  Dailey reports that he is eligible to receive an award under EAJA because his net worth does not exceed $2,000,000 and did not at the time this action commenced.  [Record Nos. 25, 25-4]  Palmer has provided an itemized account of the time she and attorney Matthew McGarry expended on this case and seeks payment at a rate of $125.00 per hour for those 25 hours.  [Record No. 25-2]  Additionally, Palmer has submitted an itemized account showing the time expended by several paralegals who worked on the case and seeks $100.00

per hour for the total of 6.8 hours they worked.  [Record No. 25-3]  Finally, the application alleges that the position of the United States was not substantially justified.

The claimed number of hours is within the range of what would be expected in this case and the Court finds that they are reasonable and compensable under the EAJA.  Additionally, the requested rate of payment is consistent with the prevailing market rates in the Eastern District of Kentucky.  Accordingly, the plaintiff will be awarded attorney's fees in the amount of $3,805.00, based on 25 hours of attorney work at a rate of $125.00 per hour and 6.8 hours of paralegal work at a rate of $100.00 per hour.

Finally, the plaintiff has included an Affirmation and Waiver of Direct Payment of EAJA, agreeing that any attorney fees be awarded directly to his counsel.  However, in *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), the United States Supreme Court held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy pre-existing debt that the litigant owes to the United States."  Here, it unclear whether the plaintiff owes any debt that is subject to a government offset and the United States has not waived the requirements of the Anti-Assignment Act.  Accordingly, the award shall be payable to the plaintiff.  *See Kerr for Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 935 (6th Cir. 2017).

Based on the foregoing, it is hereby

**ORDERED** that the plaintiff's motion for attorney's fees [Record No. 24] is **GRANTED**.  Plaintiff Jonathan W. Dailey is awarded fees in the amount of $3,805.00, in accordance with the Equal Access to Justice Act.

Dated: February 25, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky